**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ANTHONY HAMPTON,

           Plaintiff,

vs.

BRIAN CONNETT, *et al.*,

           Defendants.

Case No. 2:14–cv–1110–GMN–VCF

**ORDER**

MOTION TO STAY (#18)
MOTION FOR SERVICE (#21)

Two motions are before the court: (1) Plaintiff's Motion to Stay (#18) and (2) Plaintiff's Motion for Service (#21). For the reasons stated below, Plaintiff's Motion to Stay is denied and his Motion for Service is granted.

**I.     Plaintiff's Motion to Stay (#18)**

The court first considers Plaintiff's Motion to Stay. Plaintiff asks the court to stay its consideration of Defendants' Motion for Summary Judgment because a scheduling order has not been entered and no discovery has occurred. Plaintiff's Motion is denied.

The Federal Rules of Civil Procedure are designed "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. This means, *inter alia*, that stays are disfavored and parties are expected to litigate dispositive motions and conduct discovery simultaneously. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

If Plaintiff is unable to oppose Defendants' Motion for Summary Judgment because discovery has not been conducted, the proper procedure entails filing an opposition to Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d). That rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

If Plaintiff wishes to defer the court's consideration of Defendants' Motion for Summary Judgment, he must persuade the Honorable Gloria M. Navarro, Chief U.S. District Judge—who will decide the merits of Defendants' Motion for Summary Judgment—that Plaintiff lacks "facts essential to justify" an opposition.

## II.     Plaintiff's Motion for Service (#21)

Finally, Plaintiff requests leave to serve Defendant Randy Bulloch. On March 9, 2015, the court held a hearing and granted Plaintiff leave to search the Secretary of State's records to locate Randy Bulloch's address. *See* (Mins. Proceedings #16). The court ordered Plaintiff to serve Bulloch by May 18, 2015. (*Id.*) Plaintiff has discovered Mr. Bulloch's address and now asks the court to order the U.S. Marshal Service to effect service on him. Plaintiff's motion is granted.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Stay (#18) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Service (#21) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to Randy Bulloch/Champion Recycling at 3000 Meade Ave., Las Vegas, Nevada 89102-0716, (702) 648-4884, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S.

Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

IT IS SO ORDERED.

DATED this 20th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE