UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

ANTHONY T. HAMPTON,

              Plaintiff,

vs.

BRIAN CONNETT, *et al.*,

              Defendants.

Case No. 2:14–cv–1110–GMN–VCF

**ORDER**

MOTION FOR SERVICE (#29)

On May 29, 2015, the Clerk of Court entered a Rule 4(m) notice, instructing Plaintiff that his claims against Defendant Randy Bulloch may be dismissed because Mr. Bulloch has not been served in this matter. On June 18, 2015, Plaintiff filed a Motion for Service, requesting leave to serve Mr. Bulloch at a newly discovered address. Plaintiff's motion is granted. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003) (stating that court's have broad discretion to extend time under Rule 4(m)).

IT IS ORDERED that Plaintiff's Motion for Service (#29) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to Randy Bulloch c/o Valley West Steel Inc., 4110 South Maryland Parkway #17, Las Vegas, Nevada 89119, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether

1

some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 22nd day of June, 2015.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE