UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

ANTHONY T. HAMPTON,

        Plaintiff,

vs.

BRIAN CONNETT, *et.al.*,

        Defendants.

Case No. 2:14–cv–1110–GMN–VCF

**ORDER AND REPORT & RECOMMENDATION**

    Before the court is Hampton's motion for service (ECF No. 63). For the reasons stated below, Hampton's motion is denied.

**I. Discussion**

    In July 2014, Hampton sued the Defendants for various constitutional violations. (ECF No. 1) The court allowed his retaliation, equal protection, and due process causes of action to proceed. (ECF No. 2) The Nevada Attorney General appeared on behalf of Defendants Connett, Cox, Nash, and Nevens, (ECF No. 5), and accepted service on their behalf (ECF No. 8). Defendant Bulloch was not a current or former employee of the Nevada Department of Corrections. Consequently, Bulloch was never represented by the Attorney General's office nor did the office accept service on his behalf.

    In April 2015, Hampton moved to serve Bulloch at his business address. (ECF No. 24) The United States Marshal's Service attempted service, but was unsuccessful. (ECF No. 27) In June 2015, the Marshal's service reattempted service on Bulloch, but was again unsuccessful. (ECF No. 33).

    In September 2016, the court notified Hampton that no proof of service had been filed for Bulloch. (ECF No. 59) This order gave Hampton until October 13, 2016 to file a proof of service or show good cause why he was unable to serve Bulloch during this time period. (*Id.*) Seven days later,

summary judgment was entered in favor of the remaining defendants. (ECF No. 60) This left Bulloch as the only named defendant still active in this action.

On October 12, 2016, Hampton filed the instant motion. (ECF No. 63) Hampton asks this court to order the Marshal's service to serve Bulloch at a new address. (*Id.*)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Pursuant to Rule 4(m), the court instructed Hampton to file a proof of service by October 13, 2016 or show good cause service could not be accomplished by this date. (ECF No. 59). Instead of filing a proof of service, Hampton filed a motion for the Marshal's service to attempt to serve Bulloch at a new address. (*Id.*) In his motion, he does not explain why he waited until the eve of the court's deadline to file his motion. (*Id.*) As no proof of service has been filed and good cause does not exist to further extend the service deadline, Hampton's motion for service is denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Hampton's motion for service (ECF No. 63) is DENIED.

IT IS FURTHER RECOMMENDED that Defendant Bulloch should be DISMISSED from this action pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED and RECOMMENDED.

DATED this 24th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE